IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | **8:22CR35** |
| Plaintiff, | | |
| v. | | **ORDER** |
| SAHEED B. DAIRO, | | |
| Defendant. | | |

This matter is before the Court on defendant Saheed B. Dairo's ("Dairo") second Motion for Compassionate Release (Filing No. 81) pursuant to 18 U.S.C. § 3582(c)(1)(A), this time filed by retained counsel.

Dairo's first motion was filed *pro se* on August 21, 2024 (Filing No. 71). He sought relief based upon family circumstances. At that time, Dairo reported that his minor son (now 16 years old) was being cared for by Dairo's in-laws after the death of his wife.[1] Dairo asserted that his mother-in-law Sabrina Welsh ("Welsh") and father-in-law, who later succumbed to cancer, were not only not his son's legal guardians, but were also disabled and unable to care for his son.

In deciding the first motion, the Court requested that the United States Probation and Pretrial Services Offices prepare a compassionate-release investigation report. In that report (Filing No. 73), and contrary to Dairo's position, Welsh stated that she in fact had obtained legal custody of Dairo's son and that although she suffered from arthritis, she in no way considered herself to be disabled. She also indicated that Dairo had separated from his late wife when the child was one. Welsh also debunked Dairo's statement that the child had behavioral issues and was a "delinquent."

---

[1]At that time, Dairo claimed that his father-in-law suffered from cancer.

On November 19, 2024, this Court denied (Filing No. 74) Dairo's motion for relief under § 3582(c)(1)(A).

In his current motion,[2] Dairo seeks relief on exactly the same basis. The only difference this time is that attached to the motion is an email purportedly from Welsh stating "with our current situation me being disabled we feel as if [the child's] father coming home would be beneficial to us financially and for [the child] to have a father figure in his life. . . ." This email does not, by itself, indicate any inability of the legal guardian to care for the minor child, only that Dairo's presence might be "beneficial."

Because there appears to be no material change in the circumstances which the Court addressed in its previous order, the Court once again denies Dairo's motion for relief (Filing No. 81) under 18 U.S.C. § 3582(c)(1)(A) and considering all of the factors under 18 U.S.C. § 3553(a).

IT IS SO ORDERED.

Dated this 4th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[2]Although Dairo exhausted his administrative remedies with regard to his first motion, he once again relies on the same request to his warden (dated June 5, 2024). If there is some change in his circumstances, those issues should have been raised to his warden prior to advancing this motion.

2